### Moses Ward *vs.* Peter J. Moorey, Adm'r, Etc.

If a demurrer to a defective complaint be overruled, and defendant answers over, this Court will regard the complaint as amended in all respects the lower Court could have amended the same.

Changing places of trial, on account of local prejudice, rests solely in the discretion of the Court. It may, of its own motion, examine as to public feeling, and properly make inquiry of the jurors, touching the same.

The private seal of a Probate Judge, adopted as the seal of the Probate Court, is entitled to full credit as such.

The Register of the United States local land-office is a public officer, and his record may be proved by certified copies. The acts of the person holding that office, under color of right, cannot be impeached collaterally.

A motion for non-suit should be overruled if there be any evidence to support the cause.

An administrator takes charge of the entire estate of the decedent, whether it passes to the heir by descent or otherwise.

It is not error to refuse to try the rights of property of strangers to the suit.

No evidence to show the donation claimant was without heirs capable of inheriting his estate.

The oath required under section 12, donation act, may be taken at time of final proof.

The case of Colwell *vs.* Smith followed in protecting the possession of a settler on the public domain.

Error to the District Court holding terms for Pierce county.

Opinion by Fitzhugh, Associate Justice.

This cause comes up on error from the District Court of Pierce county.

Eleven grounds of error are assigned. The first refers to the overruling of the demurrer to the complaint.

We think it unnecessary to decide whether all the necessary allegations were contained in the complaint or not. The defendant, instead of allowing judgment to go against him, answered over, and under our statute, a defect in the complaint could have been cured at any time, by amendment; and this Court is required to consider all amendments that could have been made in the Court below, as made.

2. Did the Court err in overruling the motion for a continuance? Most certainly not. The affidavit is based upon the affidavit of Ward, of the absence of one John D. Cross, an alleged material witness. The affidavit shows clearly that his testimony would have been, and it clearly is irrelevant, frivolous, and inadmissible.

3. and 4. A change of venue, for causes alleged in the motion, rests within the sound discretion of the Court, and it may, of its own motion, examine into the feelings of the community towards the parties, and perhaps in no better way could it be done than by inquiry of the jurors.

We see no ground for error in admitting the letters of administration, although they were sealed with a private seal, as the testimony showed them to have been granted by the proper authority, and with the usual seal of the Court, which was the private seal of the Judge.

Objection is made that the Court permitted copies of papers from the register's office, certified by an acting register, to be used in evidence. The register of the land office is a public officer, and his records may be proved by certified copies. The acts of a person holding office under color of right, cannot be collaterally impeached, and we think the certificate of the acting register (or whatever he may be called), or the custodian of the records, sufficient verification.

We can see no error in the admission of the testimony of the witnesses called upon the stand. One of them was the plaintiff on the record, but no objection appears to have been made to him on this ground. It was only to the relevancy of the testimony.

To the eighth assignment, that the Court erred in overruling the motion for a non-suit, on the ground of the want of sufficient evidence, it is a well settled rule, that Courts will not take a cause from the jury when there is even slight evidence, and we think this is a case where the Court could not be called upon summarily to dismiss.

Did the Court err in refusing to instruct the jury as required by the defendant? It appears from the record, and evidence, that the plaintiff was administrator upon the estate of John Withrel; that Withrel had, in his life-time, settled on the land in dispute, claiming to hold it under the donation law; that he complied with the provisions of the law up to the time of his death, which occurred on the claim, before he had completed his four years residence. The defendant has since settled on the claim. The defendant's counsel asked the Court to instruct the jury that the estate vested in the heirs, and that the administrator had no right to sue. Under the provisions of our law, the administrator is made the proper person to take charge of all the estate, real or personal, and in our judgment, it is not a matter of any consequence, whether it belonged to the heirs by descent or otherwise.

The defendant claims that the Court erred in refusing to permit him to prove the title of the land in the Puget Sound Agricultural Company. No pretense of deriving title through that company was set up, and we think the Court decided correctly, in refusing permission to try the rights of third parties to property in a suit where they were not concerned, or represented by counsel.

Did the Court err in refusing to instruct that because the heirs of the deceased were aliens, the land escheated? It nowhere appears that this state of facts existed. It does appear,

that some time previous to his death, on filing his notification, Withrel made oath that his heir at law was his brother, an English subject, residing in England. But it does not follow from this, that he may not have had heirs with inheritable blood, residing in this country. The Court was asked to instruct that the plaintiff could not recover, because it did not appear that his intestate had taken the oath required in section 12 of the land law. We think that this oath can be made at any time, on making final proof at the land office, by the administrator himself.

Another alleged ground of error is, that the Court entertained jurisdiction in a case which properly belonged to the register and receiver of the land-office. We have, in a well considered case, at the present term, decided that we will sustain jurisdiction to a certain extent, even in a case of disputed rights under the pre-emption law, and in the case of Colwell *vs.* Smith, have defined the extent to which the Court will go. This case comes within the principle enunciated in that case, and is a much stronger one, as, from the case itself, the defendant in the Court below appears in the light of a trespasser, not a claimant under the donation or pre-emption laws, though in his answer he does allege that he is rightfully in possession.

We are therefore of opinion that the judgment of the Court below be, and the same is hereby affirmed, with costs against plaintiff in error.